# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

Lyle W. Cayce
Clerk

No. 09-51018
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO LOPEZ AYALA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-335-1

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alvaro Lopez Ayala pleaded guilty to illegally reentering the United States following deportation and was sentenced to a 60-month term of imprisonment. *See* 8 U.S.C. § 1326. Lopez Ayala contends that U.S.S.G. § 2L1.2 improperly results in the use of his prior aggravated assault conviction to determine both his offense level and his criminal history score, resulting in double counting. He contends further that the sentence imposed was greater than necessary in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and was therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable. He maintains that his offense was nothing more than an international trespass and that his sentence was too severe for the offense of conviction in light of his personal history and characteristics. Lopez Ayala also argues that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his sentence is reasonable.

This court reviews sentences for reasonableness in light of the factors set out in § 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). In conducting the reasonableness review, this court reviews the sentence for both procedural error and substantive reasonableness. *Id.* at 51.

Because Lopez Ayala raises his double-counting claim, a procedural claim, for the first time on appeal, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Klein*, 543 F.3d 206, 213 (2008). We have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009); *see also* U.S.S.G. § 2L1.2, comment. (n.6). Thus, the district court did not commit procedural error, plain or otherwise, when it used Lopez Ayala's aggravated assault conviction to determine both his offense level and his criminal history score.

To the extent that Lopez Ayala preserved his substantive reasonableness arguments, review of the district court's application of the Guidelines is de novo and its findings of fact is for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Otherwise, review is for plain error. *See Mondragon-Santiago*, 564 F.3d at 361. Lopez Ayala's arguments fail under both standards. The district court considered Lopez Ayala's arguments for a below-guidelines sentence but determined that a sentence at the low end of that range was appropriate. Because his sentence is "within a properly calculated Guideline range," it carries a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 351 (2007). Lopez Ayala advances no persuasive reason for

this court to question the application of the presumption or to disturb the district court's choice of sentence. *See Gall*, 552 U.S. at 51 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court"); *see also United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (implicitly rejecting the contention that the defendant's illegal reentry was "'at bottom'" merely "an international trespass").

Finally, Lopez Ayala concedes that his argument that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his sentence is reasonable is foreclosed by this court's decision in *Mondragon-Santiago*, 564 F.3d at 366-67. He raises the claim, however, to preserve it for future review.

AFFIRMED.